IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00224-GPG

DERIC VAN FLEET,

    Plaintiff,

v.

RICK RAEMISCH,
MS. LITTLE, Gang Coordinator, and
JAMES FAULK,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Deric Van Fleet, is a prisoner in the custody of the Colorado Department of Corrections ("DOC") at the Sterling Correctional Facility in Sterling, Colorado. Mr. Van Fleet has filed *pro se* a Prisoner Complaint (ECF No. 5) pursuant to 42 U.S.C. § 1983. He seeks damages as relief.

    The court must construe the complaint liberally because Mr. Van Fleet is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Van Fleet will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may

respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

  Mr. Van Fleet asserts three claims for relief in the complaint, one against each Defendant, alleging that Defendants have been deliberately indifferent to his safety.  The Court construes the claims liberally as Eighth Amendment claims.  Mr. Van Fleet specifically alleges in support of his claims that Ms. Little failed or refused to file charges against another inmate who threatened Mr. Van Fleet with a sharpened steel bolt on August 26, 2014; that Warden James Faulk, who may or may not know about the incident, has not taken any action; and that DOC Executive Director Rick Raemisch should be held accountable because he has not stepped in and taken action.

  Mr. Van Fleet fails to provide a short and plain statement of his claims showing he is entitled to relief because he fails to allege facts that demonstrate his Eighth

Amendment rights have been violated. In particular, Mr. Van Fleet fails to allege facts that demonstrate any of the Defendants subjected him to inhumane conditions of confinement or acted with deliberate indifference to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

   Mr. Van Fleet's allegation that Ms. Little failed or refused to press charges against the inmate who threatened Mr. Van Fleet does not demonstrate he was subjected to cruel and unusual punishment in violation of the Eighth Amendment or that Ms. Little is responsible for whatever ongoing danger Mr. Van Fleet believes he is facing. Similarly, Mr. Van Fleet fails to allege specific facts that demonstrate either Warden Faulk or DOC Executive Director Raemisch were aware of and disregarded a substantial risk of serious harm.

   Vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his

3

conclusory allegations." *Hall*, 935 F.2d at 1110.

For these reasons, Mr. Van Fleet will be directed to file an amended complaint. Mr. Van Fleet must identify the specific constitutional claims he is asserting, the specific factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"); *see also Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). A defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability). Accordingly, it is

ORDERED that Mr. Van Fleet file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that Mr. Van Fleet shall obtain the court-approved

Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Van Fleet fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED February 25, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge