IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00224-GPG

DERIC VAN FLEET,

    Plaintiff,

v.

RICK RAEMISCH,
MS. LITTLE, Gang Coordinator, and
JAMES FAULK,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Deric Van Fleet, was a prisoner in the custody of the Colorado Department of Corrections ("DOC") when he initiated this action. On February 24, 2015, Mr. Van Fleet filed *pro se* a Prisoner Complaint (ECF No. 5) pursuant to 42 U.S.C. § 1983. He seeks damages as relief.

On February 25, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Van Fleet to file an amended complaint that includes a short and plain statement of his claims showing he is entitled to relief as required pursuant to Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Gallagher also provided specific instructions to Mr. Van Fleet regarding the facts necessary to assert an arguable claim. On March 30, 2015, Magistrate Judge Gallagher entered a minute order granting Mr. Van Fleet an extension of time to file an amended complaint. On April 16, 2015, the copy of Magistrate Judge Gallagher's March 30 minute order that was mailed to Mr. Van Fleet

at the prison address he provided was returned to the Court undelivered and the returned envelope indicates Mr. Van Fleet has been released on parole. (*See* ECF No. 11.) Mr. Van Fleet has not filed an amended complaint within the time allowed. Therefore, the Court will consider his claims as set forth in the Prisoner Complaint filed on February 24.

Mr. Van Fleet has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i) the Court must dismiss the action if Mr. Van Fleet's claims are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the Prisoner Complaint liberally because Mr. Van Fleet is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Van Fleet asserts three claims for relief, one against each Defendant, alleging that Defendants were deliberately indifferent to his safety. The Court construes the claims liberally as Eighth Amendment claims. Mr. Van Fleet specifically alleges in support of his claims that Ms. Little failed or refused to file charges against an inmate

who assaulted Mr. Van Fleet and threatened him with a sharpened steel bolt on August 26, 2014; that Warden James Faulk, who may or may not have known about the incident, did not take any action; and that DOC Executive Director Rick Raemisch should have stepped in and taken action.

Mr. Van Fleet's Eighth Amendment claims are legally frivolous because the facts he alleges in support of his claims do not support an arguable constitutional claim. "The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). In order to assert a cognizable claim under the Eighth Amendment, Mr. Van Fleet must allege that Defendants were deliberately indifferent to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

In addition, vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court

need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Mr. Van Fleet fails to allege specific facts that demonstrate Defendants acted with deliberate indifference to his safety. That is, he does not allege specific facts that demonstrate any Defendant was aware of a substantial risk of serious harm or that any Defendant disregarded a known risk by failing to take reasonable measures to abate the risk. Mr. Van Fleet's vague allegations that Defendants failed either to file charges or take other, unspecified action after he was assaulted and threatened by an inmate do not demonstrate his Eighth Amendment rights were violated. Therefore, the Prisoner Complaint will be dismissed as legally frivolous.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  7th  day of     May    , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court